**John Alan CONROY, Plaintiff–
Appellant**

v.

**Jim RIDER; Don Williams;
Unidentified Texas Ranger,
Defendants–Appellees.**

No. 13–11054.

United States Court of Appeals,
Fifth Circuit.

July 22, 2014.

John Alan Conroy, Tucson, AZ, pro se.

Before KING, JOLLY, and HAYNES,
Circuit Judges.

PER CURIAM: *

John Alan Conroy, federal prisoner
# 42054–177, appeals the dismissal of this
42 U.S.C. § 1983 action, which was filed in
August 2013. The district court dismissed
the action as time barred and as frivolous.
Because the district court cited both 28
U.S.C. § 1915 and 28 U.S.C. § 1915A as
authority for its dismissal, our review is de
novo. *See Geiger v. Jowers,* 404 F.3d 371,
373 (5th Cir.2005).

According to Conroy, the defendants vi-
olated his constitutional rights at the time
of his arrest in July 2010. He contends
that he did not learn of the legal basis for
this § 1983 action until November 2011,
when his trial attorney provided him with
information obtained during the course of
discovery. Thus Conroy asserts, he was
not required to bring this suit until No-
vember 2013. He does not contend that
he was ignorant of the facts of his claim
when they occurred.

The two-year statute of limitations es-
tablished by Texas law governs this action.
*See Wallace v. Kato,* 549 U.S. 384, 387–88,
127 S.Ct. 1091, 166 L.Ed.2d 973 (2007);
*Stanley v. Foster,* 464 F.3d 565, 568 (5th
Cir.2006). However, federal law deter-
mines the time at which the cause of action
accrued. *See Wallace,* 549 U.S. at 388, 127
S.Ct. 1091. Under federal law, the limita-
tions period in a § 1983 action begins to
run when "the plaintiff has a complete and
present cause of action." *Id.* (internal
quotation marks and citation omitted); *see
also Piotrowski v. City of Houston,* 237
F.3d 567, 576 (5th Cir.2001). A plaintiff
need not be aware that a legal cause of
action exists; he need only know the facts
that would support a claim. *Piotrowski v.
City of Houston,* 51 F.3d 512, 516 (5th
Cir.1995).

Conroy's cause of action accrued at the
time the alleged violations occurred in July
2010. The limitations period therefore ex-
pired in July 2012, over a year before
Conroy filed this suit. Precedent fore-
closes Conroy's argument that his cause of
action did not accrue until his attorney
provided him information in November
2011 and he knew that he had a legal basis
for suit. *See Wallace,* 549 U.S. at 388, 127
S.Ct. 1091; *Piotrowski,* 237 F.3d at 576;
*Piotrowski,* 51 F.3d at 516. This appeal
thus "relies on an indisputably meritless
legal theory," lacks any arguable basis,
and is frivolous. *Taylor v. Johnson,* 257
F.3d 470, 472 (5th Cir.2001). We therefore
dismiss it. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court's dismissal of Conroy's complaint and our dismissal of this appeal as frivolous each counts as a strike under § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Conroy is cautioned that if he receives a third strike under § 1915(g) he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.